UNCLASSIFIED//FOR PUBLIC RELEASE

~~SECRET//NOFORN~~

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HUSSAIN SALEM MOHAMMAD ALMERFEDI, <br><br> Petitioner, <br><br> v. <br><br> BRACK OBAMA, <br>President of the United States, et al., <br><br> Respondents, | Filed with Classified Information Security Officer <br> CISO S. Harwood <br> Date 10/26/2012 <br><br> Civil Action No. 05-1645 (PLF) |

## CLASSIFIED OPINION AND ORDER

This matter is before the Court on the motion of petitioner Hussain Salem Mohammad Almerfedi, for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner seeks relief from the mandate and judgment of the court of appeals instructing this Court to deny the petition for a writ of habeas corpus. Petitioner asks the Court to reopen these proceedings for further discovery and, if appropriate upon the completion of discovery, additional motions and an evidentiary hearing. The government has filed an opposition to petitioner's motion, and petitioner has filed a reply. The Court heard oral argument on October 24, 2012.

### I. BACKGROUND

Petitioner filed his habeas corpus petition on August 16, 2005. This Court held a three-day merits hearing on March 3, 4, and 5, 2010 and granted the petition for a writ of habeas

UNCLASSIFIED//FOR PUBLIC RELEASE

~~SECRET // NOFORN~~

corpus by Opinion and Order of July 8, 2010. See Almerfedi v. Obama, 725 F. Supp. 2d 18 (D.D.C. 2010). The government appealed, and on June 10, 2011 the court of appeals reversed and remanded with instructions to deny the petition. See Almerfedi v. Obama, 654 F.3d 1 (D.C. Cir. 2011). Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court, which denied the petition on June 11, 2012. See Almerfedi v. Obama, 132 S. Ct. 2739 (2012).

Petitioner seeks relief from judgment on the basis of documents produced to his counsel after the conclusion of the merits hearing on five separate occasions, from March 10, 2011 through December 4, 2011. Petitioner argues that the documents produced were at all times within the government's possession and that the exculpatory material included within these documents shows that the government's key witness in support of petitioner's continued detention had been severely mistreated at Guantanamo, casting serious doubt on the reliability of his statements. Petitioner's Motion for Relief at 3. Other documents produced by the government characterize this key witness ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ Id. at 3-4. In addition, petitioner points to another document that has recently become public, a 2009 report by the Inspector General of the Department of Defense concerning the use of mind-altering drugs on some Guantanamo detainees. Id. at 5.

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment or order for a variety of reasons, two of which are relevant here. Rule 60(b)(2) provides for relief based on "newly discovered evidence that, with

2

SECRET // NOFORN

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). Rule 60(b)(3) provides for relief based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). Petitioner does not allege fraud or misrepresentation, but he does allege misconduct on the part of the government. The Court concludes that petitioner is not entitled to relief on either theory in the circumstances presented here.

*A. Rule 60(b)(2)*

In order to receive relief from a final judgment or order under Rule 60(b)(2), a moving party must demonstrate that (1) the newly discovered evidence is of facts that existed at the time of the trial or merits proceeding; (2) the party seeking relief was "justifiably ignorant of the evidence despite due diligence"; (3) the evidence is admissible and is "of such importance that it probably would have changed the outcome"; and (4) the evidence is not merely cumulative or impeaching. Duckworth v. United States, 808 F. Supp. 2d 210, 216 (D.D.C. 2011). See also Hope 7 Monroe Street Ltd. Partnership v. Riasco L.L.C., 473 B.R. 1, 7 (D.D.C. 2012); Epps v. Howes, 573 F. Supp. 2d 180, 185 (D.D.C. 2008); Canady v. Erbe Elektromedizin GMBH, 99 F. Supp. 2d 37, 44 (D.D.C. 2000). The Court will assume for purposes of analysis and decision that petitioner has met the first, second, and fourth elements of this test. It must conclude, however, that the exculpatory evidence produced by the government to petitioner after the hearing concluded (copies of which now have been provided to the Court) would not satisfy

3

~~SECRET // NOFORN~~

the third element — that is, the evidence is not of such an importance that it probably would have changed the outcome of the proceedings. Rule 60(b)(2) therefore can provide no relief to petitioner.

Petitioner argues that the five sets of disclosures contain result-altering exculpatory information concerning the primary witness against him at his merits hearing, Humoud al-Jadani, generally referred to as ISN-230. Petitioner asserts that these documents thoroughly undermine the credibility and reliability of ISN-230 because he was severely abused and mistreated at Guantanamo and is ███████████ characterized by the government ███████████ Petitioner says that it "is highly likely, if not a certainty, that the late-produced evidence concerning ISN-230 would have made it impossible for any court to rely on his statements . . . ." Petitioner's Reply at 2. The problem with this argument is that, without even knowing about this exculpatory evidence that further erodes ISN-230's credibility, this Court did not rely on ISN-230's statements because it found him incredible and wholly unreliable. As for the court of appeals, ISN-230's statements were not at all material to the rationale underlying that court's decision to reverse this Court and order petitioner detained. Thus, even accepting the argument that the proffered evidence is exculpatory and undermines the credibility and reliability of this witness, it cannot be said that the evidence "probably would have changed the outcome" either in this Court or in the court of appeals. Duckworth v. United States, 808 F. Supp. 2d at 216.

Despite petitioner's arguments to the contrary, see Petitioner's Reply at 3-4, a review of the court of appeals' June 10, 2011 opinions makes clear that the appellate court did

4

SECRET // NOFORN

not view any statements of ISN-230 as necessary to its decision. Thus, whether he is a demonstrated liar, was tortured, or was treated with mind-altering medications would not have changed the outcome. Judge Silberman's opinion, for himself and Judge Kavanaugh, makes that abundantly clear. The court did not rely on the testimony of ISN-230 but rather on "three facts" — independent of ISN-230's statements — that it concluded "when considered together" were adequate to carry the government's burden of proof by a preponderance of the evidence. Almerfedi v. Obama, 654 F.3d at 6.[1] Judge Silberman's discussion in the last two substantive paragraphs of his opinion is dictum and played no part in the court's decision to reverse and remand with instructions to deny the petition for a writ of habeas corpus: the opinion clearly states that the three facts discussed, "combined with Almerfedi's incredible explanations . . . satisfy[] the government's burden without regard to consideration of al-Jadani's statements." Almerfedi v. Obama, 654 F.3d at 7. Petitioner's parsing of the last two sentences of the opinion is too thin a reed on which to reach any other conclusion. And his speculation that the court of appeals viewed the evidence on which it relied "through the lens" of ISN-230's statements conflicts with the court's own description of its reasoning.

---

[1] The three key facts on which the court of appeals relied were (1) petitioner's admitted two-and-a-half-month stay at Jama'at Tablighi, "an Islamic missionary organization that is a Terrorist Support Entity 'closely aligned' with al-Qaeda"; (2) petitioner's travel route, "which is quite at odds with his professed desire to travel to Europe (and brought him closer to the Afghan border where al-Quaeda was fighting)"; and (3) petitioner's possession of at least $2,000 of unexplained cash which he had on his person when captured, "notwithstanding his claim to have given that much to Ali (which was all he brought from Yemen)." Almerfedi v. Obama, 654 F.3d at 6 (quoting in part Almerfedi v. Obama, 725 F. Supp. 2d at 29). Both the majority and Judge Rogers in her concurring opinion also referenced evidence concerning the existence of Bin Laden's guest houses in Tehran and the use of hotels in Mashad as waystations for fighters traveling to or from Afghanistan. See id. at 2-3; id. at 8 (Rogers, J., concurring).

SECRET//NOFORN

The opinion of Judge Rogers, concurring in part and concurring in the judgment, confirms and underscores this conclusion. She agreed with the majority's determination that there was sufficient credible evidence independent of ISN-230's statements for the government to satisfy its burden of proof and to support the court's judgment to reverse and remand. See Almerfedi v. Obama, 654 F.3d at 8-9 (Rogers, J., concurring). "Viewed together," she wrote, "this evidence supports a reasonable inference that Almerfedi was an al-Qaeda facilitator by the time of his capture in early 2002." Id. at 8. But she rejected "the majority's analysis of certain recorded statements by another Guantanamo detainee, Humoud al-Jadani," see id. at 9, concluding that this Court's evaluation of those statements constituted findings of fact that were "plausible in light of the record" and thus could not be clearly erroneous. Id. Judge Rogers' concurring opinion thus confirms that ISN-230's statements were not material to the outcome of the appeal. Petitioner therefore cannot show that the exculpatory evidence concerning ISN-230's credibility is "of such importance that it probably would have changed the outcome." Duckworth v. United States, 808 F. Supp. 2d at 216.[2]

---

[2] As for the Department of Defense OIG Report respecting mind-altering drugs administered to some detainees, the government acknowledges that this is exculpatory evidence. Therefore, to the extent such evidence exists with respect to ISN-230 it has been provided to petitioner's counsel. For the reasons just discussed, however, if such evidence further undermines ISN-230's credibility, it would not change the outcome of these proceedings. The government also represents that the administration of any mind-altering drugs to petitioner would have been entered on his medical records, and petitioner's entire medical file was timely produced.

~~SECRET // NOFORN~~

*B. Rule 60(b)(3)*

To obtain relief from a final judgment or order under Rule 60(b)(3), the moving party must show by "clear and convincing evidence" (1) that the other party engaged in fraud, misrepresentation, or misconduct; and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. Hope 7 Monroe Street Ltd. Partnership v. Riasco L.L.C., 473 B.R. at 10; see also Duckworth v. United States, 808 F. Supp. 2d at 216; Canales v. A.H.R.E., Inc., 254 F.R.D. 1, 12 (D.D.C. 2008). In this case, petitioner does not allege fraud or misrepresentation but misconduct. It is established that failure to disclose materials requested in discovery may constitute misconduct within the meaning of Rule 60(b)(3). Summers v. Howard University, 374 F.3d 1188, 1193 (D.C. Cir. 2004) (citing Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988)). And proof of "nefarious intent or purpose" is not required to show misconduct. Anderson v. Cryovac, 862 F.2d at 923. As the D.C. Circuit has made plain, however, misconduct alone is not sufficient to justify setting aside a final judgment or order; the victim of the misconduct must also demonstrate actual prejudice. Summers v. Howard University, 374 F.3d at 1193. More specifically, once misconduct is shown by clear and convincing evidence, the moving party must also show that the misconduct "*substantially . . . interfered with the aggrieved party's ability fully and fairly to prepare for and proceed to trial.*" Anderson v. Cryovac, Inc., 862 F.2d at 924 (emphasis in original); see id. at 923 (moving party must show that misconduct "foreclosed full and fair preparation or presentation of its case").[3]

---

[3]   Unlike the requirement of Rule 60(b)(2), the misconduct that must be shown under Rule 60(b)(3) need not be "result-altering" in order to merit relief. Anderson v. Cryovac, Inc., 862 F.2d at 924.

7

~~SECRET // NOFORN~~

While the habeas corpus petition in this case was filed in 2005, nothing much happened until 2009 because of litigation in the court of appeals and the Supreme Court. In August of 2009, this Court granted the government's motion to stay the case in its entirety, which stay included a stay of all discovery. In November 2009, with discovery motions still pending, petitioner asked the Court to lift the stay and for an expedited briefing schedule and an expedited merits hearing. The Court granted petitioner's request to lift the stay at a status conference on December 15, 2009. The government continued to urge the Court not to expedite the hearing, in order to permit it to complete discovery before the merits phase of the litigation began. Petitioner urged speed and expedition. The Court announced a schedule requiring expedited briefing on motions and an expedited hearing to begin on March 3, 2010; the parties jointly proposed a specific schedule consistent with the Court's directive. See Joint Proposed Hearing Order (Dec. 24, 2009) [Dkt. No. 198]. The government subsequently made a new request for delay, in light of a January 2010 ruling that imposed additional discovery obligations, and petitioner resisted this request. See Petitioner's Opposition at 1-2 (Feb. 16, 2010) [Dkt. No. 214] ("Petitioner urgently requests the Court not to delay the merits hearing. . . . If the government finds new exculpatory evidence after the merits hearing . . . the new evidence can be submitted to the Court in a supplemental filing."). Recognizing that these decisions by the Court did not permit the government to complete review of potentially relevant documents and to provide discovery in a timely fashion, the Court entered an Order on March 1, 2010, requiring the government to continue to search its records and provide discovery until the conclusion of the merits hearing. See Order (Mar. 1, 2010) [Dkt. No. 228]. It further provided in that Order that

8

~~SECRET // NOFORN~~

"[i]f any exculpatory information is discovered at *any time*, however, it must be disclosed to petitioner since respondents have a continuing obligation to disclose such information." Id.

The merits hearing began on March 3, 2010 and concluded on March 5, 2010. The government complied with the Court's March 1, 2010 Order by providing discovery on a rolling basis through the end of the hearing and even beyond (since some documents had been discovered but not yet cleared for disclosure by March 5, 2010). To the extent there have been five subsequent disclosures of exculpatory material, those disclosures were properly made pursuant to the last sentence of this Court's March 1, 2010 Order. Thus, the procedural history of this case makes plain that there was no misconduct on the part of the government — let alone clear and convincing evidence of misconduct — but rather compliance with the Court's orders in view of the expedition requested by petitioner.

As for actual prejudice, petitioner argues (1) that ISN-230's credibility was material to the court of appeals' decision, and (2) that "[h]ad the Government searched for and produced exculpatory information with reasonable due diligence, it might well have found and produced additional exculpatory evidence relating not just to ISN-230's credibility, but also to other issues in the case." Petitioner's Reply at 10. The Court already has rejected the first argument, see supra at 4-6, and while the test under Rule 60(b)(3) does not require a probable change in the outcome of proceedings, there can be no prejudice where the new information could not have affected the legal basis for the decision being challenged. See Hope 7 Monroe Street Ltd. Partnership v. Riasco L.L.C., 437 B.R. at 11. As for petitioner's second argument, it

9

~~SECRET // NOFORN~~

is not only based on pure speculation but falls far short of a demonstration of prejudice by clear and convincing evidence.

For the foregoing reasons, Petitioner's Motion for Relief under Rule 60(b) of the Federal Rules of Civil Procedure is hereby DENIED.

SO ORDERED.

DATE: 10/26/12

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

10